[SARAH J. IRVIN v. W. H. HUGHES, Executor.

*Widow— Year's Support.*

An administrator advanced to the widow of his intestate part of the amount due her as year's support for which she had obtained judgment, and thereupon she gave him a receipt to be used as a voucher in his settlement of the estate under an agreement that she should repay the sum advanced and he would surrender the receipt; she returned the money advanced and he failed to surrender the receipt; assets came into his hands applicable to the judgment and he died without paying it ; *Held*, that the widow could maintain an action against his executor to recover the sum advanced.

CIVIL ACTION commenced before a Justice of the Peace and tried on appeal at Fall Term, 1879, of NORTHAMPTON Superior Court, before *Avery, J.*

The plaintiff submitted to a nonsuit and appealed.

*Messrs. R. B. Peebles* and *S. J. Wright* for plaintiff.
No counsel in this court for defendant.

SMITH, C. J.   Upon the death of J. B. Irvin, intestate, his administrator, W. T. Stephenson, at the instance of the plaintiff, his widow, caused her year's allowance to be set apart from the stock, crop and provisions, left by the deceased, and there not being enough for that purpose, the deficiency to be ascertained and estimated.   The list containing the articles assigned and the value of the deficiency were returned to the superior court clerk's office and there filed and recorded, and judgment entered against the administrator for that sum, "to be paid when the assets shall come to his hands."   Bat. Rev., ch. 17, §§ 20, 21.

The plaintiff alleges that the administrator paid her the allowance in money except the sum of fifty dollars, and this

he advanced, taking her receipt therefor to be used as a voucher in the settlement of the estate, under an agreement between them that she should repay the sum advanced, and her receipt to be then surrendered and canceled; that she had returned the money advanced and he had failed to restore her receipt; that assets of the intestate had come into the administrator's hands, applicable to said judgment and sufficient to discharge the same, and that said Stephenson being so indebted, died leaving a will and appointing the defendant his executor, against whom the action to recover the said sum of fifty dollars is brought.

The answer controverts many of these material allegations, and a jury were regularly impaneled to try the issues involved. During the trial the defendant moved to dismiss the action on the ground that the plaintiff could not maintain it, and the court so intimating its opinion, the plaintiff in submission thereto suffered a nonsuit and appealed.

The assignment of the year's provisions procured by the administrator imposed upon him the legal duty of applying the assets when received in satisfaction of the plaintiff's demand, and his failure to do so was a personal default for which he was liable. He retains an acquittance to be used upon the settlement of his administration accounts, which a recovery in this action will ratify and confirm and thus protect his estate from the demands of an administrator *de bonis non* of the intestate as a payment in a due course of administration. This personal obligation thus assumed and resting upon Stephenson, is transmitted at his death to his personal representative.

Assuming then that these facts would be shown to the jury and the possession of means which ought to have been appropriated to the judgment, the proceedings ought not to have been arrested and the case withdrawn from the jury, and in this there was error. This will be certified.

Error.                                                          Reversed.